IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN ALLIANCE FOR EQUAL
RIGHTS,

    Plaintiff,

v.

JORGE ZAMANILLO, *et al.*,

    Defendants.

Civil Action No. 1:24-cv-00509

## SETTLEMENT AGREEMENT

Plaintiff, the American Alliance for Equal Rights, and Defendants Jorge Zamanillo, in his official capacity as Director of the National Museum of the American Latino; and Crosby Kemper, in his official capacity as Director of the Institute of Museum and Library Services (collectively, "Defendants"),[1] hereby agree as set forth herein:

**I. Background, Definitions.** Plaintiff filed this Action, alleging that the Museum's Undergraduate Internship violates the Fifth Amendment of the U.S. Constitution because it preferences applicants based on Latino ethnicity. In response, Defendants submitted a brief and sworn declarations stating that the National Museum of the American Latino "does not consider [an] applicant's race or ethnicity as a factor for awarding an [i]nternship", Bastidas Decl. ¶ 9, ECF No. 10-2, that the National Museum of the American Latino "does not collect data on race or ethnicity from the Internship Program applicants," *id.* ¶ 7, and that the National Museum of the American Latino "does not have access to responses to demographic data questions that may be asked by" the Office of Academic Appointments and Internships—"a separate unit at the Smithsonian [Institution]," "in [The Smithsonian Online Academic Appointment System] for the Internship Program." *Id.* ¶¶ 5, 7. Unless otherwise noted, the following definitions apply in this Settlement Agreement, and for the purposes of this Settlement Agreement alone:

    **A. Action** means and refers to the litigation styled as *American Alliance for Equal Rights v. Zamanillo, et al.* (Case No. 1:24-cv-509), filed on or about February 22, 2024, in the United States District Court for the District of Columbia.

    **B. Smithsonian** means the Smithsonian Institution.

---

[1] Where appropriate hereafter, Plaintiff and Defendants are referred to collectively as "the Parties."

    C. **The Museum** means the National Museum of the American Latino, including any Museum committee or Museum panel used to evaluate applications, recommend awardees, or select awardees for the Undergraduate Internship.

    D. **IMLS** means the Institute of Museum and Library Services.

    E. **Undergraduate Internship** means the Latino Museum Studies Program Undergraduate Internship for 2024.

    F. **Scoring Rubric** means the document attached hereto as Exhibit B.

    G. **The Website** means the Museum's internet page describing the 2024 Undergraduate Internship, currently accessible at https://latino.si.edu/learn/internships-and-fellowships/latino-museum-studies-program/latino-museum-studies-program.

II. **Defendants' Consideration.** In consideration for the promises of Plaintiff set forth in Section III of this Settlement Agreement, *infra*, Defendants agree as follows:

    A. The Museum will add the following statement to the text of the scoring rubric before the application window for the undergraduate internship closes: "The Undergraduate Internship is equally open to students of all races and ethnicities. Reviewers should not give preference or restrict selection based on race or ethnicity."

    B. The Museum will update the website to include the following statement no later than seven days after all parties have executed this settlement agreement: "The Undergraduate Internship is equally open to students of all races and ethnicities, without preference or restriction based on race or ethnicity. The Museum does not use racial or ethnic classifications or preferences in selecting awardees for the Undergraduate Internship."

    C. The provisions set forth in this Section II shall constitute the sole and exclusive consideration to be provided to Plaintiff by Defendants.

    D. Notwithstanding any other provision in this Section II, Plaintiff may seek to enforce the provisions of this Section only as set forth in Section IV, *infra*.

III. **Plaintiff's Promises; Waiver and Release.** In consideration of the promises of Defendants set forth in Section II of this Settlement Agreement, *supra*, Plaintiff agrees as follows:

    A. Plaintiff and its heirs, administrators, successors, or assigns hereby forever waives, releases, acquits, and discharges Defendants, and Defendants' components, agents, employees, and former employees, either in their official or individual capacities from, and is hereby barred and precluded from prosecuting or appealing, any and all claims, causes of action, and requests for any injunctive, declaratory, and/or monetary relief, including but not limited to damages, tax payments, debt relief, costs, attorney's fees, expenses, and/or interest, whether presently known or unknown, contingent or liquidated, that relate to or arise out of this Action through and including the date of execution of this Settlement Agreement.

    **B.** Within three (3) days of the execution of this Settlement Agreement by all Parties, Plaintiff will execute and file with the Court the Stipulation of Dismissal with Prejudice of this Action attached hereto as Exhibit A.

**IV.** **Enforcement By Plaintiff.** The terms and conditions of this Settlement Agreement may be enforced by Plaintiff only as follows:

    **A.** Upon the basis of an alleged breach of this Settlement Agreement and subject to the requirements and limitations set forth in this Section IV, Plaintiff may file a Motion for Relief from a Judgment or Order pursuant to Fed. R. Civ. P. 60(b)(6) with the Court seeking relief from the dismissal entered pursuant to Section III.B, *supra*.

    **B.** Insofar as a motion asserted pursuant to Section IV.A, *supra*, is consistent with the requirements and limitations of this Section IV and the requirements and limitations of Fed. R. Civ. P. 60(b)(6), Defendants hereby agree not to oppose the filing of such motion. Defendants' consent to the filing of such motion shall not be deemed to waive any available defenses to the substance of such motion, including without limitation any and all jurisdictional defenses and any right or authority to contend that no breach of this Settlement Agreement has occurred, and Defendants otherwise reserve all available defenses to such motion, including without limitation any and all jurisdictional defenses and any right or authority to contend that no breach of this Settlement Agreement has occurred.

    **C.** The exclusive procedure for bringing a claim to enforce the terms and conditions of this Settlement Agreement pursuant to this Section IV shall be as follows:

        1. Prior to filing any motion pursuant to Section IV.A, *supra*, counsel for Plaintiff shall submit written notice alleging a breach of this Settlement Agreement to counsel for Defendants. Such notice shall be submitted by first-class mail and electronic mail, and shall specify precisely the basis for the alleged breach, shall describe with particularity all of the facts and circumstances supporting such claim, and shall state that Plaintiff intends to seek relief from the Court through a motion filed under Fed. R. Civ. P. 60(b)(6) as set forth in Section IV.A, *supra*. Plaintiff shall not inform the Court of its allegation(s) at that time.

        2. Notice of any alleged breach of this Settlement Agreement by Defendants pursuant to Section IV.C.1, *supra*, shall not be operative unless submitted to Defendants within thirty (30) days of the alleged breach.

        3. Defendants shall have a period of thirty (30) days after the receipt of such notice described in Section IV.C.1, *supra*, to take appropriate action to resolve the alleged claim. If requested to do so, Plaintiff shall provide to Defendants any information and materials available to Plaintiff that support the violation alleged in the notice.

        4. If any assertion of breach by Plaintiff is not resolved after consultation between the Parties' counsel within the thirty (30) day period set forth in Section IV.C.3, *supra*, or

        if, prior to the expiration of such thirty (30) day period, counsel for Defendants advise counsel for Plaintiffs that no further action will be taken by Defendants, Plaintiffs may seek relief from the Court as set forth in Section IV.A, *supra*. Under no other circumstances may Plaintiffs seek such relief from the Court.

    **D.** Plaintiff's right to seek relief pursuant to this Section IV as to any and all assertions of breach of this Settlement Agreement shall be subject to the limitations periods set forth in this Section IV.C.2, *supra*, and any and all assertions of breach shall be forever waived if not asserted within the applicable limitations period.

**V. No Admission of Liability.** This Settlement Agreement is not and shall not be construed as an admission by Defendants of the truth of any allegation or the validity of any claim asserted in this Action, or of Defendants' liability therein. Furthermore, none of the terms of the Settlement Agreement may be offered or received in evidence or in any way referred to in any civil, criminal, or administrative action or proceeding other than proceedings that may be necessary to consummate or enforce this Settlement Agreement. The terms of this Settlement Agreement shall not be construed as an admission by Defendants that the consideration to be provided hereunder represents the relief, if any, that could be recovered after trial.

**VI. Merger Clause.** This Settlement Agreement contains the entire agreement between the Parties, and Plaintiff acknowledges and agrees that no promise or representation not contained in this Settlement Agreement has been made to it, and it acknowledges and represents that this Settlement Agreement contains the entire understanding between the Parties, and contains all terms and conditions pertaining to the compromise and settlement of the disputes referenced herein. No statement, remark, agreement, or understanding, oral or written, that is not contained herein shall be recognized or enforced, nor does this Settlement Agreement reflect any agreed-upon purpose other than the desire of the Parties to reach a full and final conclusion of the Action and to resolve the Action without the time and expense of further litigation.

**VII. Costs, Fees, and Expenses.** Each Party shall bear their own costs, fees, and expenses.

**VIII. Rules of Construction.** The following rules of construction shall apply to this Settlement Agreement:

    **A.** The Parties acknowledge that this Settlement Agreement constitutes a negotiated compromise. The Parties agree that this Settlement Agreement shall be considered a jointly drafted agreement and shall not be construed against any Party as the drafter.

    **B.** This Settlement Agreement shall be construed in a manner to ensure its consistency with federal law. Nothing contained in this Settlement Agreement shall impose upon Defendants, or Defendants' components, agents, employees, or former employees any duty, obligation, or requirement, the performance of which would be inconsistent with any federal law in effect at the time of such performance.

    **C.** The headings in this Settlement Agreement are for the convenience of the Parties only and shall not limit, expand, modify, or aid in the interpretation or construction of this Settlement Agreement.

IX. **No Assignment.** Plaintiff represents and warrants that it is the sole and lawful owner of all rights, title, and interests in and to every claim and other matter which it purports to release herein, and that it has not heretofore assigned or transferred, or purported or attempted to assign or transfer to any person or entity any claims or other matters herein released. Plaintiff shall indemnify Defendants, and any of Defendants' components, agents, employees, or former employees, whether in their official or individual capacities, against, and defend and hold harmless from, any claims arising out of or relating to any such assignment or transfer of any claims or other matters released herein.

X. **Amendments.** This Settlement Agreement cannot be modified or amended except by an instrument in writing, agreed to and signed by the Parties; nor shall any provision hereof be waived other than by a written waiver, signed by the Parties.

XI. **Binding Successors.** This Settlement Agreement shall be binding upon and inure to the benefit of Plaintiff and Defendants and their respective heirs, executors, successors, assigns, and personal representatives, including any person, entity, department, or agency succeeding to the interests or obligations of any party hereto, or having an interest herein.

XII. **Knowing and Voluntary Agreement and Consultation with Counsel.** Plaintiff acknowledges that it has read this Settlement Agreement and enters into it knowingly and voluntarily, of its own free act and deed. Plaintiff further acknowledges that it has discussed this Settlement Agreement with its counsel, who has explained these documents to it, and that it understands all of the terms and conditions of this Settlement Agreement.

XIII. **Covenant Not to Sue or Commence Further Proceedings.** Plaintiff hereby covenants that it will not commence against Defendants any action, claim, suit, or administrative proceeding on account of any claim or cause of action that has been released or discharged by this Settlement Agreement.

XIV. **Full Authority to Sign.** Each person signing this Settlement Agreement represents and warrants that he or she has full authority to execute the Settlement Agreement on behalf of himself or herself, or on behalf of the party or entity on whose behalf he or she signs this Settlement Agreement.

XV. **Execution in Counterparts.** This Settlement Agreement may be executed and delivered in counterparts. Each counterpart, when executed, shall be considered one and the same instrument, which shall compromise the Settlement Agreement, which takes effect on the date of execution.

Cameron T. Norris
Digitally signed by Cameron T. Norris
Date: 2024.03.25 23:00:36 -04'00'

For Plaintiff

RACHAEL WESTMORELAND
Digitally signed by RACHAEL WESTMORELAND
Date: 2024.03.25 18:46:54 -04'00'

For Defendants

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS,<br><br>Plaintiff,<br><br>v.<br><br>JORGE ZAMANILLO, *et al.*,<br><br>Defendants. | Civil Action No. 1:24-cv-00509 |

## STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), the Parties, by and through their undersigned counsel, hereby stipulate to the dismissal of this case with prejudice.

Dated: March ___, 2024

/s/
Thomas R. McCarthy
(D.D.C. No. 489651)
Cameron T. Norris
(D.D.C. No. VA083)
*Lead Counsel*
Gilbert C. Dickey
(D.D.C. Bar No. 62954)
R. Gabriel Anderson*
(TX Bar No. 24129302)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
cam@consovoymccarthy.com
gilbert@consovoymccarthy.com
gabe@consovoymccarthy.com

Adam K. Mortara*
(TN Bar No. 40089)
LAWFAIR LLC

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

EMILY NESTLER
Assistant Branch Director, Federal Programs Branch

/s/ Rachael L. Westmoreland
DOROTHY M. CANEVARI
(NY Bar No. 5989694)
RACHAEL L. WESTMORELAND
(GA Bar No. 539498)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 514-1280
Email: rachael.westmoreland@usdoj.gov

*Counsel for Defendants*

40 Burton Hills Blvd., Ste. 200
Nashville, TN 37215
(773) 750-7154
mortara@lawfairllc.com
*pro hac vice forthcoming

*Counsel for Plaintiff*

# Exhibit B



**LATINO MUSEUM STUDIES PROGRAM**
**UNDERGRADUATE INTERNSHIP**
**SCORING RUBRIC**

*The Undergraduate Internship is equally open to students of all races and ethnicities. Reviewers should not give preference or restrict selection based on race or ethnicity.*

| | | |
|---|---|---|
| **School:** | | |
| **Major:** | | |
| **Year:** | | |
| **Practicum Choices:** | 1st | |
| | 2nd | |

Based on a Scale from 0 – 5 (lowest to highest) assess the applicant's qualifications. (0-Unacceptable; 1-Poor; 2-Fair; 3-Average; 4-Good; 5-Excellent)

| | Score | Comments |
|---|---|---|
| **Background, Interests and Achievement (Resume/CV, Transcripts)** | | |
| Academic history within focus areas | | |
| Evidence of continued improvement in coursework | | |
| Demonstrates high level of responsibility and/or community engagement (employment experience, volunteer work, leadership service, etc.) | | |
| **Personal Statement** | | |
| Demonstrates interest in non-curatorial museum practice | | |
| Outlines examples of expected accomplishments | | |
| Describes how they will benefit from the program | | |
| Explains how their unique perspective will shape their contributions | | |
| **Practicum Selection** | | |
| Demonstrates strong understanding of the specific skills they will gain in museum focus areas (digital culture, museum education, conservation, collections management, exhibit design, etc.) through chosen practicums | | |
| Strong alignment between applicants' interest and experience, and their practicum selections | | |
| Clear and compelling proposed contributions to practicum | | |
| **Reference** | | |
| High level of emotional maturity, independence, and initiative | | |
| **Portfolio** | | |
| Portfolio demonstrates relevant skill/expertise | | |
| **TOTAL:** | | |
| **ADDITIONAL COMMENTS:** | | |